FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  -vs-<br><br>CARLOS SALGADO VELASQUEZ,<br><br>    Defendant. | No.   2:19-CR-0045-WFN-1<br><br>ORDER DENYING MOTION<br>TO DISMISS |

Pending before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 118. Before jumping into the merits of the Motion, the Court notes that the Motion exceeds the page limit set out in the Local Rules by more than double. Counsel is advised that leave must be sought to file an overlength brief. Failure to do so can lead to sanctions or the Court simply ceasing to read after page 20. The Court has reviewed the entirety of the briefing but advises counsel to be concise in future briefing.

Defendant asks the Court to dismiss the Indictment alleging that his constitutional right to a speedy trial has been violated. Indicted in early 2019, the case has been pending for over a year. The relevant procedural history shows that delays from the original trial date arose from multiple causes. The case was continued on Defendant's Motions from the original trial date of May 13, 2019, to January 21, 2020. On January 2, 2020, less than three weeks prior to the trial date, Defendant filed a Motion to Suppress that required an evidentiary hearing. Defendant originally agreed that a continuance from January 21, 2020 would be necessary to allow time for the Court to address the Motion to Suppress. Though Defendant later objected to the extension of the trial date, it was the Defendant's actions that caused the need for the continuance. An evidentiary hearing was held in early February 2020. After denying the Motion to Suppress, the Court reset the trial to May, overruling

ORDER - 1

Defendant's request for a late February trial date. The three-month delay provided time to send out special juror questionnaires and for the Government to procure Defendant's requested information from Backpage.com, scheduled around defense counsel's travel plans, and allowed the Government additional time to prepare for trial including accommodating lay witnesses' schedules. The Court noted that key witnesses are minors living a distance away from Spokane who will have to take time off school to testify.

The Court must examine the *Barker* factors to determine whether there has been a constitutional violation of speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the extent to which the defendant asserted his right; and (4) whether the defendant suffered prejudice as a result of the delay. 407 U.S. 514 (2020). The length of the delay has spanned approximately 18 months. The reasons for the delay during that period are varied, but include 8 months on Defendant's Motion, 2 -3 weeks to allow time to address a late filed substantive motion, 45 – 90 days were caused by the Government's need to prepare for trial, including obtaining information sought by the Defendant from Backpage.com, as well as accommodating defense counsel's travel schedule. The Court delayed the trial from mid-March to the current trial setting to protect the health and safety for participants and the community from spread of COVID-19. A series of General Orders closed the courthouse to jury trials to curtail spread of the virus. The Court has found specifically in this case that a trial would be dangerous to the health and safety of the participants, including many witnesses who need to travel, the potential and selected jurors due to space restrictions that will hinder attempts at social distancing, and Defendant, counsel, and Court staff due to the large influx of people in the courtroom.

The extent to which Defendant exerted his right is subject to some disagreement, but about three days after the January trial date, Ms. Baggett filed an objection to a continuance which she then reiterated at the following hearing. Defendant's position was undermined somewhat by actions taken that required delay of the trial.

Defendant has not demonstrated prejudice. Defendant makes no particularized claims of prejudice. The Court recognizes that in situations where official negligence causes

ORDER - 2

excessive delay, a presumption of evidentiary prejudice arises. See *Doggett v. United States,* 505 U.S. 647 (1992). The delay in this case was not caused by official negligence. The period of delay arguably attributable to the Government is a small percentage of the whole. During the delay from February 4, 2020, the date of the Court's Order denying Defendant's suppression motion, to the beginning of the COVID-19 pandemic, a delay according to the Defendant was for the benefit of the Government, in addition to preparing for trial the Government also was obtaining further evidence at Defendant's request. Examining the factors together, the Court concludes that Defendant's constitutional right to a speedy trial has not been violated.

Of note, the Court has also adhered to the Speedy Trial Act and has not violated Defendant's rights pursuant to the Act. Each time the case was continued, the Court made specific findings justifying the continuance in addition to the complex case finding and has maintained a date certain for trial. The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss Indictment, filed August 17, 2020, **ECF No. 118**, is **DENIED**.

2. All time from the filing of Defendant's Motion to Dismiss Indictment on August 17, 2020, to the date of the hearing on September 21, 2020, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 21st day of September, 2020.

09-16-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3