Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Ann T. Wick
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS SALGADO VELASQUEZ,<br><br>Defendant. | Case No.: 2:19-CR-00045-WFN<br><br>Plea Agreement<br><br>Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)<br><br>Court:<br>Hon. Wm Fremming Nielsen<br>Senior United States District Judge |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Ann T. Wick and James A. Goeke, Assistant United States Attorneys, and Defendant Carlos Salgado Velasquez ("Defendant"), both individually and by and through his counsel, Jeff Niesen and Sandy Baggett, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to plead guilty to Counts One and Two of an Information Superseding Indictment that charges Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count One), and Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count Two).

VELASQUEZ PLEA AGREEMENT – 1

Defendant acknowledges that the charge in Count One, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), is a Class B felony. Defendant understands that the maximum penalty for this charge is 30 years in prison, and that the Court must impose a mandatory minimum sentence of no fewer than 15 years in prison on this charge. Defendant understands that he will also be subject to a fine of up to $250,000 per count; a term of supervised release that will be at least 5 years, and may be up to a lifetime; restitution; a $100 special penalty assessment per count, and registration as a sex offender. Defendant also understands that absent a finding of indigence by the Court, he will be subject to a $5,000 special assessment per count, pursuant to the Justice for Victims of Trafficking Act of 2015.

Defendant also acknowledges that the charge in Count Two, Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), is a Class A felony. Defendant understands that the maximum penalty for this charge is a lifetime in prison, and that the Court must impose a mandatory minimum sentence of no fewer than 10 years in prison on this charge. Defendant understands that he will be subject to a fine of up to $250,000 per count; a term of supervised release that will be at least 5 years, and may be up to a lifetime; restitution; a $100 special penalty assessment per count, and registration as a sex offender. Defendant also understands that absent a finding of indigence by the Court, he will be subject to a $5,000 special assessment per count, pursuant to the Justice for Victims of Trafficking Act of 2015.

Defendant understands that the Court has the ability and discretion to impose concurrent or consecutive sentences. Defendant understands that if he were sentenced consecutively on all of his federal charges, he would face a maximum sentencing exposure of a lifetime in prison, a mandatory minimum sentence of 25 years in prison, no fewer than five years and up to a lifetime of supervised release, a fine of up to $500,000, restitution, $200 in standard special assessments, and up to $10,000 in Special Assessments pursuant to the Justice for Victims of Trafficking Act of 2015.

VELASQUEZ PLEA AGREEMENT – 2

Defendant understands that a violation of any condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a sentence of incarceration of 23 years in custody, to be followed by a term of supervised release of no less than 15 years and up to life, and agree to make sentencing recommendations to the Court consistent with that agreement. Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose. Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 23 years. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 23 years, or less than a 15-year term of supervised release. Defendant acknowledges that if either the United States or Defendant withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States nor the Defendant are bound by any representations within it.

VELASQUEZ PLEA AGREEMENT – 3

The United States and Defendant each acknowledge that the imposition of a fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of supervised release; and that the Court will exercise its discretion with regard to the imposition of a fine, restitution, or conditions of supervised release. Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a fine, restitution, or conditions of supervised release.

3. <u>Effect on Immigration Status:</u>

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4. <u>Waiver of Constitutional Rights:</u>

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.    The right to a jury trial;

    b.    The right to see, hear and question the witnesses;

    c.    The right to remain silent at trial;

    d.    The right to testify at trial; and

    e.    The right to compel witnesses to testify.

VELASQUEZ PLEA AGREEMENT – 4

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant specifically waives his right to challenge the constitutionality of any of the statutes of conviction.

5. <u>Elements of the Offenses</u>:

<u>*Count One: Production of Child Pornography*</u>

To convict Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove the following elements beyond a reasonable doubt:

    a.    *First*, at the time of the offense, Confidential Victims 1, 2, 3, and 4 were each under the age of eighteen;

    b.    *Second*, beginning on or about September 2016, and continuing through on or about September 2018, within the Eastern District of Washington, Defendant knowingly employed, used, persuaded, induced, enticed, or coerced Confidential Victims 1, 2, 3, and 4 to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and

    c.    *Third*, the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

<u>*Count Two: Child Sex Trafficking*</u>

To convict Defendant of Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), the United States would have to prove beyond a reasonable doubt the following:

    a.    *First*, beginning on or about September 2016 and continuing through on or about September 2018, within the Eastern District of Washington, Defendant knowingly recruited, enticed, harbored,

VELASQUEZ PLEA AGREEMENT – 5

        transported, provided, obtained, advertised, maintained, patronized, or solicited Confidential Victims 1, 2, 3, and 4, by any means;

    b. *Second*, on those dates, Confidential Victims 1, 2, 3, and 4 had each attained the age of 14 years old, but not 18 years old;

    c. *Third*, Defendant knew or was in reckless disregard of the fact that Confidential Victims 1, 2, 3, and 4 would be caused to engage in commercial sex acts;

    d. *Fourth*, Defendant had a reasonable opportunity to observe Confidential Victims 1, 2, 3, and 4; and

    e. *Fifth*, Defendant's conduct was in or affecting interstate or foreign commerce.

Defendant understands and acknowledges that the United States need not prove that Defendant, Confidential Victims 1, 2, 3, or 4, or their communications travelled in interstate commerce, because even entirely intrastate commercial sex substantially affects interstate commerce. *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007), *see also United States v. Todd*, 627 F.3d 329 (9th Cir. 2010).

Defendant understands and acknowledges that Congress has expressly determined that sex trafficking has a substantial effect on interstate commerce. *See* 22 U.S.C. § 7101(12).

Defendant understands and acknowledges that the link between sex trafficking and interstate commerce is analogous to the link between interstate commerce and drug trafficking, which Congress may regulate under the Commerce Clause. *United States v. Tisor*, 96 F.3d 370 (9th Cir. 1996); *United States v. Kim*, 94 F.3d 1247 (9th Cir. 1996).

Defendant understands and acknowledges that pursuant to 18 U.S.C. § 1591(c), the United States need not prove that Defendant knew or recklessly disregarded the fact that Confidential Victims 1, 2, 3, and 4 had not attained the age of 18, because Defendant had a reasonable opportunity to observe Confidential Victims 1, 2, 3, and 4.

6.  <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

<u>Overview of Defendant's Conduct</u>

Beginning in September 2016 and continuing through September 2018, Defendant engaged in conduct with four minor females within the Eastern District of Washington that constituted both the production of child pornography and child sex trafficking, in violation of federal law. At all times relevant to the Indictment and Plea Agreement in this case, the four minor females, identified herein as Confidential Victims 1, 2, 3, and 4, had each attained the age of 14 years old, but not the age of 18 years old.

Confidential Victim 1 ("CV-1") was born in 2002.

Confidential Victim 2 ("CV-2") was born in 1999.

Confidential Victim 3 ("CV-3") was born in 2002.

Confidential Victim 4 ("CV-4") was born in 2000.

Defendant knowingly used Confidential Victims 1, 2, 3, and 4 to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct that were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, as set forth below. Defendant acknowledges that by using the Confidential Victims to make recordings depicting sexually explicit conduct, with a digital device that was not produced entirely within the State of Washington, Defendant produced child pornography under federal law.

VELASQUEZ PLEA AGREEMENT – 7

Defendant acknowledges that the digital device he used to produce child pornography of the Confidential Victims was a Samsung Note 8 cellular telephone, Model SM-N950U with an 8GB SD card ("the Samsung Note 8"), which Defendant acknowledges was manufactured outside the United States in whole or in part. Defendant acknowledges that images recorded on the Samsung Note 8 were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

Defendant also engaged in commercial sex acts with Confidential Victims 1, 2, 3, and 4 by soliciting them to engage in sexual intercourse with him in exchange for things of value. Defendant had a reasonable opportunity to observe each Confidential Victim prior to engaging in commercial sex acts with her. Defendant solicited the Confidential Victims to engage in commercial sex acts with him by arranging to meet them, using Facebook messaging communications that traveled over the Internet, which is a means and facility of interstate and foreign commerce. Defendant acknowledges that the items that he bought the Confidential Victims and the cash he paid them were things of value that he exchanged for sex with them, and his communications with them to make the arrangements took place using the Internet, which is a facility and means of interstate and foreign commerce. Defendant also acknowledges that in traveling to meet the Confidential Victims for sex, he used roads that receive federal funding for upkeep and a vehicle that was not manufactured entirely in Washington.

<u>Defendant's Child Sex Trafficking and Child Pornography Production of Confidential Victim 1</u>

Confidential Victim 1 met Defendant when she was 14 years old, in September 2016, through a "sugar daddy" type website called "Seeking Arrangements." Seeking Arrangements is an adult dating website with continuous controls and monitoring to prevent underage users. Defendant assumed that the women he met through the site, including CV-1, would be adults. Defendant maintains that CV-1 held herself out to be an adult on that website. At Defendant's direction, CV-1 used the Internet to send

VELASQUEZ PLEA AGREEMENT – 8

Defendant photographs of herself engaging in sexually explicit conduct. Defendant acknowledges that this conduct constituted the production of child pornography under federal law.

Between September 2016 and September 2018, on approximately 10 occasions, Defendant and CV-1 made online arrangements to meet for sex and then engaged in sexual intercourse with in exchange for payments in cash, gifts purchased online, and drugs and alcohol. Defendant and CV-1 communicated primarily via Facebook and the Internet, and Defendant either took or met CV-1 at a motel in Moses Lake, Washington for sex in exchange for things of value. On one occasion, Defendant had commercial sex with CV-1 and CV-2 at the same time at the same motel. Defendant acknowledges that this conduct constituted child sex trafficking under federal law.

### Defendant's Child Sex Trafficking and Child Pornography Production of Confidential Victim 2

Confidential Victim 2 met Defendant through CV-1. CV-2 went with CV-1 to have commercial sex with Defendant on or about September 13, 2016. Defendant used Facebook and the Internet to communicate with the girls and make arrangements to pick them up for sex. Defendant drove CV-1 and CV-2 to a motel in Moses Lake. Defendant provided CV-2 with alcohol, marijuana, and a bong, which are things of value, in exchange for sexual intercourse with her. Defendant acknowledges that this conduct constituted child sex trafficking under federal law.

Defendant also persuaded CV-2 to take part in sexually explicit conduct so that he could obtain visual depictions of that conduct, and he did so using the Samsung Note 8. Defendant acknowledges that this conduct constituted the production of child pornography under federal law.

### Defendant's Child Sex Trafficking and Child Pornography Production of Confidential Victim 3

CV-1 gave Defendant CV-3's Facebook profile and contact information. CV-3 and Defendant exchanged messages via Facebook, using the Internet. On at least three

VELASQUEZ PLEA AGREEMENT – 9

occasions between February 2018 and June 2018, Defendant and CV-3 used Facebook to arrange to meet for sex at a motel in Moses Lake, Washington. At the motel, Defendant engaged in sexual intercourse with CV-3, in exchange for which Defendant paid CV-3 by buying her things from the "Wish" online application and paying her with cash. Defendant acknowledges that this conduct constituted child sex trafficking under federal law.

Defendant also persuaded CV-3 to take part in sexually explicit conduct so that he could obtain visual depictions of that conduct, and he did so using the Samsung Note 8. Defendant acknowledges that this conduct constituted the production of child pornography under federal law.

On June 27, 2018, via Facebook messenger, another federal child exploitation defendant, Donald L. Ricker, reached out to Defendant via Facebook to discuss CV-3. Defendant used the username "Victoria Secre". In that communication, Ricker offered to let Defendant have sex with CV-3 for money, and Defendant acknowledged to Ricker that he already owed CV-3 money for previous sex acts.

<u>Defendant's Child Sex Trafficking and Child Pornography Production of Confidential Victim 4</u>

At some point, a friend of Confidential Victim 4 gave Defendant CV-4's contact information. Defendant was aware of the friend and CV-4 through the adult dating website, Seeking Arrangements, and Defendant maintains that both the friend and CV-4 held themselves out on that website as adults. In November 2017, Defendant contacted CV-4 via SnapChat, using the Internet. Thereafter, on at least three occasions between November 2017 and February 2018, Defendant and CV-4 communicated via SnapChat and the Internet to arrange for commercial sex acts in a hotel in Walla Walla, Washington. The two met as arranged, and Defendant paid CV-4 cash and promised a shopping trip in exchange for sex. Defendant acknowledges that this conduct constituted child sex trafficking under federal law.

VELASQUEZ PLEA AGREEMENT – 10

Defendant also engaged in sexually explicit conduct with CV-4, and recorded that conduct using the Samsung Note 8. Defendant acknowledges that using CV-4 to create visual depictions of sexually explicit conduct using the Samsung Note 8 constitutes the production of child pornography under federal law.

<u>Execution of Search Warrant and Recovery of Communications<br>and Images of Child Pornography</u>

On March 7, 2019, law enforcement agents executed a search warrant at Defendant's residence in Warden, Washington, within the Eastern District of Washington. Agents lawfully seized and forensically searched Defendant's cellular telephone, the Samsung Note 8, along with records from Defendant's email and social media accounts. In these records, and on the Samsung Note 8, law enforcement agents found numerous images and video recordings of Defendant engaging in sexually explicit conduct with Confidential Victims 1, 2, 3, and 4, including at least one video of Defendant engaging in sex with both CV-1 and CV-2 in the same setting, on the same date, while directing CV-1 and CV-2 to make the recording. Defendant acknowledges that he used the Samsung Note 8's camera to capture the still images and videos of child pornography recovered from that device. Defendant also acknowledges that he created and maintained an electronic reminder in the Samsung Note 8 to keep track of his sexual encounters, including those with Confidential Victims 1, 2, 3, and 4.

7. <u>The United States' and Defendant's Agreements:</u>

  a. <u>Additional and Underlying Federal Charges</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based on information known to and in the possession of the government at the time of this Plea Agreement, including material provided in Discovery, unless Defendant breaches this Plea Agreement prior to sentencing in this case.

Defendant understands that the United States is free to criminally prosecute him for any unlawful conduct that occurs after the date of this Plea Agreement.

VELASQUEZ PLEA AGREEMENT – 11

The United States also agrees to dismiss the underlying Indictment and Superseding Indictments against Defendant at the sentencing hearing in this case.

    b.    <u>Grant County Case No. 21-1-00088-13</u>

Defendant is charged by Information in Grant County, Washington, Superior Court, with state charges of: rape in the first degree; commercial sex abuse of a minor; and unlawful imprisonment. If Defendant timely executes this federal Plea Agreement, does not breach this Plea Agreement, and is sentenced in accordance with this Agreement's terms, the Grant County Prosecutor's Office will dismiss the aforementioned state charges and has agreed not to bring additional charges based on the information known to the Grant County Prosecutor's Office as of the date of Defendant's guilty plea.

    c.    <u>Potential Walla Walla County Charges</u>

This Plea Agreement is expressly conditioned on the United States securing written assurance from the Walla Walla, Washington, County Prosecutor's Office that it will not prosecute Defendant for crimes involving CV-4 which arise out of the conduct alleged in this federal prosecution.

    d.    <u>CV-3 and CV-4</u>

Defendant acknowledges and understands that Confidential Victims 3 and 4 have alleged the use of force by Defendant, in connection with the commission of the crimes to which Defendant is pleading guilty. Defendant steadfastly denies these allegations. Nothing in this Agreement requires Defendant to admit to the use of force or violence. Defendant is free to present evidence and argue without limitation at sentencing that he did not use force or violence. The United States may present evidence and argument on the issue of force or violence pertaining to Confidential Victims 3 and 4.

    e.    <u>Indigence</u>

The United States agrees to take the position at sentencing that Defendant is in fact indigent for purposes of the JVTA $5,000 Special Assessments.

VELASQUEZ PLEA AGREEMENT – 12

Defendant acknowledges and understands that the Court will make its own independent determination regarding Defendant's indigence, and must impose the JVTA Special Assessment unless the Court makes a finding that Defendant is indigent.

Defendant acknowledges and understands that the Court's determination of indigence may or may not be consistent with the United States' position that Defendant is indigent.

   f. <u>Departures, Variances, and Enhancements</u>

Defendant acknowledges and understands that other than arguments on the issue of force and/or violence prohibited above, the United States may make any other arguments in support of a sentence up to 30 years in custody, followed by a lifetime of Supervised Release, without limitation, including presenting evidence and arguments for upward variances, upward departures, and sentencing enhancements.

  8. <u>United States Sentencing Guideline Calculations:</u>

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G." or "Guidelines") are applicable and that the Court will determine the applicable Guidelines range at the time of sentencing. Defendant further understands that the Presentence Report (PSR), authored independently by the United States Probation Office, will contain Guidelines calculations for the Court's consideration. Although the United States and Defendant have discussed through counsel the possible USSG calculations and possible advisory Guidelines range, the parties have not stipulated to any USSG calculations, other than as presented herein (acceptance of responsibility).

   a. <u>Acceptance of Responsibility:</u>

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and returns this Plea Agreement to the United States (for filing with the court) prior to April 1, 2021, the United States will

VELASQUEZ PLEA AGREEMENT – 13

move for a three-level downward adjustment in offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, after Defendant's guilty plea but prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

    b. <u>Criminal History:</u>

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.

The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined after the Presentence Investigative Report is completed.

  9. <u>Incarceration:</u>

The United States and Defendant agree that this plea agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case is a sentence of 23 years of incarceration, to be followed by a term of supervised release of no less than 15 years and no greater than life. The United States and Defendant agree to jointly recommend such a sentence.

  10. <u>Supervised Release:</u>

The United States and Defendant each agree to recommend that the Court impose a term of supervised release of not less than 15 years; the United States is free to recommend up to a life term of supervised release. Both parties agree to recommend that the term of supervised release include the following special conditions, in addition to the standard conditions of supervised release and the special conditions of supervised release that are imposed in all child sex offender cases in this District:

VELASQUEZ PLEA AGREEMENT – 14

      a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

      b.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

11. <u>Criminal Fine:</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated:</u>

VELASQUEZ PLEA AGREEMENT – 15

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. <u>Restitution</u>:

The United States and Defendant will submit restitution information prior to sentencing.

Defendant acknowledges that restitution is mandatory.

Defendant agrees to pay restitution to Confidential Victims 1, 2, 3 and 4 if they seek it.

15. <u>Judicial Forfeiture</u>:

Defendant agrees to voluntarily forfeit and relinquish all right, title, and interest he has in the following listed assets to the United States, including but not limited to the following: a black Samsung Note 8 cellular telephone, Model SM-N950U with an 8GB SD card.

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in the assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture pursuant to 18 U.S.C. § 2253, as property used or intended to be used in any manner or part to commit or to facilitate the commission of Production of Child Pornography (Count One), in violation of 18 U.S.C. § 2251(a), (e), to which Defendant is pleading guilty; and/or are subject to forfeiture pursuant to 18 U.S.C. § 1594, as property used or intended to be used in any manner or part to commit or to facilitate the commission of Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count Two), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceedings. Defendant agrees to hold harmless all law enforcement agents and the

VELASQUEZ PLEA AGREEMENT – 16

United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this Plea Agreement. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture. Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

16.   Notice of Sex Offender Registration:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school. Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student. Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17.   Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, after Defendant's guilty plea and prior to the

VELASQUEZ PLEA AGREEMENT – 17

imposition of sentence, Defendant is charged with or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

18. <u>Waiver of Appeal Rights and Collateral Attack:</u>

Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal Defendant's sentence. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and sentence if the Court sentences Defendant in accordance with the terms of this Rule 11(c)(1)(C) Plea Agreement. Defendant's appellate waiver includes, but is not limited to, challenges to the terms of this Plea Agreement, his guilty plea, venue, restitution, Guidelines enhancements, and statutes of limitation.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

If Defendant successfully moves to withdraw or vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on the count to which he is pleading guilty, then: (1) this Agreement shall become null and void; (2) the United States may prosecute him on any count to which he has pleaded guilty; (3) the United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement; (4) the United States may file any new charges that would otherwise be barred by this Agreement; (5) the United States may prosecute Defendant on all available charges involving or arising from the incidents charged in the charging instruments in this case; and (6) during any future prosecution, hearing, or trial of Defendant, the United States may introduce as evidence any statements Defendant makes during any in-court proceeding. The decision to pursue any or all of these options is solely in the discretion of the United

VELASQUEZ PLEA AGREEMENT – 18

States Attorney's Office. By signing this agreement, Defendant agrees to waive any objections, motions, and defenses he might have to the United States' decision, including Double Jeopardy.

In particular, Defendant agrees not to raise any objections based on the passage of time with respect to any of the counts in the Indictment, including but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment. Defendant specifically waives his right to appeal any fine, Special Assessment, or terms of supervised release imposed by the Court. Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

19. <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____ (for)          March 3/, 2021
Ann T. Wick                              Date
Assistant U.S. Attorney

VELASQUEZ PLEA AGREEMENT – 19

_____  March 31, 2021
James A. Goeke
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my state and federal attorneys. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my state and federal attorneys about my rights, I understand those rights, and I am satisfied with the representation of my state and federal attorneys in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  3-31-21
Carlos Salgado-Velasquez
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  3-31-21
Jeff Niesen
Attorney for Defendant

_____  3/31/21
Sandy Baggett
Attorney for Defendant

VELASQUEZ PLEA AGREEMENT – 20